**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT MARK WINNER,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **PROGRESSIVE ADVANCED** | **NO.  23-1273** |
| **INSURANCE COMPANY,** | |
| **MARGARET MARY BURKE, and** | |
| **BRIAN HAEFLEIN,** | |
| **Defendants.** | |

<u>**MEMORANDUM**</u>

**HODGE, J.**                                                           **November 30, 2023**

**I.      INTRODUCTION**

Robert Winner ("Plaintiff" or "Mr. Winner") brought this lawsuit after Defendant Margaret Mary Burke ("Ms. Burke" or "Defendant Burke"), the claims adjuster assigned by his insurer to process his underinsured motorist claim ("UIM"), allegedly interfered with his settlement negotiations in a separate personal injury lawsuit. Mr. Winner sued both his car insurance company, Progressive Advanced Insurance Company ("Progressive"), as well as Ms. Burke and her supervisor, Brian Haeflein ("Mr. Haeflein" or "Defendant Haeflein") (collectively, "Defendants"), in state court, and Progressive removed the case to federal court.  Ms. Burke's and Mr. Haeflein's presence in this lawsuit defeats complete diversity between the parties as required for federal subject matter jurisdiction. Progressive argues that Mr. Winner fraudulently joined Ms. Burke and Mr. Haeflein. Mr. Winner moved to remand the case (ECF No. 6), and Defendants moved to dismiss the case for failure to state a claim (ECF Nos. 3-4).

The Court grants Plaintiff's Motion to Remand on the bases that Mr. Winner stated a colorable claim under the UTPCPL against Ms. Burke and Mr. Haeflein; that Ms. Burke and Mr. Haeflein are not fraudulently joined solely because of their roles as claims adjusters; and that dismissing Mr. Winner's claims at this stage is premature. The Court finds that the allegations that Defendants Burke and Haeflein intentionally interfered with Plaintiff's settlement negotiations prior to any investigation or decision on the UIM claim, for the purpose of artificially reducing Progressive's financial responsibility, states a colorable claim under the UTPCPL. As such, Defendants Burke and Haeflein were properly joined. The Court therefore lacks jurisdiction and must remand the action to state court.

## II.     FACTUAL BACKGROUND[1]

At all relevant times, Mr. Winner owned a Progressive insurance policy that included Underinsured Motorist ("UIM") Benefits. (ECF No. 1-1 at 6.)  On May 27, 2021, Mr. Winner was in a car accident in which a third-party tortfeasor rear-ended his car at high speed. (ECF No. 1-1 at 8.)  As a result of that accident, Mr. Winner suffered severe, permanent injuries, and was forced to resign from his job. (*Id.* at 9-10.) On November 11, 2021, Mr. Winner sued the tortfeasor in a personal injury case (the "PI Case") in the Philadelphia Court of Common Pleas and provided expert testimony that Mr. Winner's damages exceeded the tortfeasor's insurance policy limits. (*Id.* at 11-12.)

On March 3, 2023, after productive settlement negotiations with opposing counsel in the PI Case, Plaintiff's Counsel contacted Progressive to request that a UIM Claim be opened on Plaintiff's behalf, which was then assigned to Defendant Burke. (*Id.* at 13.)  On March 9, 2023,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

without the consent of Mr. Winner or his attorney, Defendant Burke called opposing counsel in the PI Case, Mr. Scott, and informed him of a subsequent car accident Plaintiff had on December 3, 2022. (ECF No. 1 at 13-14.) Notably, the December 3, 2022 accident was limited to property damage and Plaintiff sustained no injuries. (*Id.*) Plaintiff alleges Defendant Burke contacted Mr. Scott to persuade him to reduce his settlement offer to Plaintiff in the PI Case, in order to shield Progressive from Mr. Winner's UIM claim. (*Id.* at 15.) In other words, Plaintiff claims that Defendant Burke contacted Mr. Scott to prevent Mr. Winner from receiving the UIM benefits he is entitled to, by interfering with the third-party claim. (*Id.*)

On March 9, 2023, following Defendant Burke's call, Mr. Scott ceased settlement negotiations with Plaintiff and filed a Motion for Extraordinary Relief requesting another sixty (60) days of discovery to investigate the December 2022 accident. (*Id.*) On March 9, 2023, Plaintiff's Counsel attempted to call and email Defendants Burke and Haeflein for information as to why Ms. Burke contacted Mr. Scott and to request that she cease communication with Mr. Scott. (*Id.* at 16.) After receiving no response from Defendants Burke and Haeflein, Plaintiff's Counsel emailed Progressive requesting that it cease communications with the third-party attorney before a final settlement was made. (*Id.*)

On March 14, 2023, Mr. Winner filed this lawsuit in the Philadelphia County Court of Common Pleas[2] asserting claims of (1) bad faith under Pennsylvania's Bad Faith Statute, and (2) violations of the UTPCPL against all Defendants; and (3) breach of contract claims solely against Progressive. (ECF No. 1-1 at 20-25.) Mr. Winner, Ms. Burke, and Mr. Haeflein are all citizens of Pennsylvania. Progressive is a citizen of Ohio. On April 3, 2023, Defendants removed this action

---

[2] *See Winner v. Progressive Advanced Insurance Co. et al*, No. 230301654 (Pa Ct. Cm. Pl.) (Phila. Cty.).

to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), arguing that Plaintiff fraudulently joined Defendants Burke and Haeflein for the sole purpose of destroying diversity jurisdiction. (ECF No. 1 at 3.)  Specifically, the Defendants claim Plaintiff failed to state colorable claims under Count I, bad faith, and Count II, violations of the UTPCPL, against Defendants Burke and Haeflein. (ECF No. 1 at 4-5.) Mr. Winner moved to remand the case to state court (ECF No. 6), and Defendants moved to dismiss the case for failure to state a claim (ECF Nos. 3-4).

## III.    LEGAL STANDARD

The threshold issue before the Court is whether Defendants successfully established the existence of federal subject matter jurisdiction for purpose of removal.  A defendant can remove a civil action from state court if the claims could have been brought in federal court originally. 28 U.S.C. § 1441(a). If, as here, a defendant removes to federal court based upon diversity of citizenship under 28 U.S.C. § 1332(a), every plaintiff's state citizenship must be different from every defendant's citizenship. *See In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). However, where parties are not diverse, a federal court may retain jurisdiction over the case only if a defendant shows that the nondiverse party was "fraudulently joined," or added to the action solely for the purposes of defeating diversity jurisdiction. *Id.* at 215. If a non-diverse defendant was fraudulently joined, the court can "disregard, for jurisdictional purposes," that party's citizenship and "thereby retain jurisdiction." *Id.* at 216. Here, Plaintiff and Defendants Burke and Haeflein are all citizens of Pennsylvania; therefore, the Court only has jurisdiction over this case if Defendants can establish that Ms. Burke and Mr. Haeflein were fraudulently joined.

Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute

4

the action against the defendant or seek a joint judgment." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). In other words, the failure must be "obvious according to the settled rules of the state." *Id.* at 112 (citing *1A Moore's Federal Practice* at 274 ¶ 0.161[2] (2d ed. 1989)). A defendant should not be considered fraudulently joined unless the claims against the defendant are "wholly insubstantial and frivolous." *Briscoe*, 448 F.3d at 218. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (quoting *Coker v. Amoco Oil Co*., 709 F.2d 1433, 1440-41 (11th Cir. 1983)). Thus, if any one of Plaintiff's claims against Defendants Burke and Haeflein is colorable, joinder is proper.

In determining whether Defendants Burke and Haeflein's joinder is proper, the Court "must resolve all contested issues of substantive fact" and "any uncertainties as to the current state of controlling substantive law" in Plaintiff's favor. *Boyer*, 913 F.2d at 111. The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand," and the "removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Id*. at 111 (internal quotation marks omitted).

Accordingly, the standard of review to assess whether joinder is fraudulent is less rigorous than an assessment of whether the plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Briscoe*, 448 F.3d at 217. Indeed, "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted . . . ." *Id.* at 218. Said differently, it is improper for a district court to convert its jurisdictional inquiry into a motion to dismiss analysis. *See id.*

## IV.    DISCUSSION

Mr. Winner brings two claims against Defendants Burke and Haeflein: bad faith under 42 Pa.C.S.A. §8371 (Count I); and unfair trade practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Stat. Ann. § 201-1, et seq. (Count II). Because the Court finds that some of Plaintiff's allegations state a colorable claim under the UTPCPL against Defendants Burke and Haeflein, the Court need not consider the viability of the bad faith claim.

The UTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." 73 Pa. Stat. Ann. § 201-3; *see also Barrie v. Progressive Specialty Ins. Co.*, No. 17-30, 2017 U.S. Dist. LEXIS 45148, at *8-9 (E.D. Pa. Mar. 28, 2017). This includes certain categories of conduct listed in § 201-2 as well as "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. Ann. § 201-2(4)(xxi). Additionally, the UTPCPL provides a private right of action to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of" the defendant's "use or employment . . . of a method, act or practice declared unlawful by section 3 of this act . . . ." 73 Pa. Stat. Ann. § 201-9.2. The UTPCPL should be "liberally construed to effectuate its objective of protecting the consumers of this Commonwealth from fraud and unfair or deceptive business practices." *Barrie*, No. 17-30, 2017 U.S. Dist. LEXIS 45148, at *9 (quoting *Ash v. Cont'l Ins. Co.*, 593 Pa. 523, 932 A.2d 877, 881 (Pa. 2007)).

On its face, Plaintiff's allegations that the claims adjusters purposefully meddled in a policyholder's settlement negotiations with a third party in order to prevent UIM coverage from

being triggered appear to fall squarely within the type of conduct the UTPCPL is intended to guard against. Defendants argue, however, that the UTPCPL does not apply to the handling of insurance claims, but rather is limited to claims arising during the sale of goods, and therefore does not offer relief for unfair or deceptive methods employed by claims adjusters.  (ECF No. 11-1 at 6-12.) Relying on *Wenk v. State Farm Fire & Cas. Co.*, Defendants assert that Mr. Winner cannot bring a claim against Defendants Burke and Haeflein because the UTPCPL does not apply to the processing of insurance claims. 228 A.3d 540 (Pa. Super. Ct. 2020); (ECF No. 11-1 at 6-9.) However, "multiple courts have concluded that claims under the UTPCPL against insurance adjusters are colorable under Pennsylvania law." *Kennedy v. Allstate Prop. & Cas. Ins. Co.*, No. 15-2221, 2015 U.S. Dist. LEXIS 88327 at *7 (E.D. Pa. July 8, 2015). The claims considered by these courts pertained to claims adjusters' actions in handling insurance claims, not in selling insurance policies.  Indeed, this Court already determined in *Ellis v. Liberty Mut. Ins. Co.*, that a plaintiff can challenge a claims adjuster's handling of an insurance claim under the UTPCPL. No. 18-1032, 2018 U.S. Dist. LEXIS 125409 (E.D. Pa. July 26, 2018). Further, at the motion to remand stage, this Court has repeatedly found that a UTPCPL claim against an insurance adjuster is colorable under Pennsylvania law. *See, e.g.*, *Lautz v. State Farm Ins. Co.,* No. 19-2481, 2019 U.S. Dist. LEXIS 215448 (E.D. Pa. Dec. 16, 2019); *Ellis*, No. 18-1032, 2018 U.S. Dist. LEXIS 125409; *Barrie*, No. 17-30, 2017 U.S. Dist. LEXIS 45148 (E.D. Pa. Mar. 28, 2017); *Horne v. Progressive Advanced Ins. Co.*, No. 15-CV-1029, 2015 U.S. Dist. LEXIS 53824 (E.D. Pa. Apr. 24, 2015). Although this Court maintains that the UTPCPL permits Mr. Winner to bring this claim against Defendants Burke and Haeflein for Ms. Burke's alleged misfeasance in interfering with Mr. Winner's settlement in the PI Case, by calling opposing counsel, Mr. Scott, the "apparent conflict—at the very least—renders the current state of controlling law unclear." *Lautz v. State*

*Farm Ins. Co.*, No. 19-2481, 2019 U.S. Dist. LEXIS 215448, at *7 (E.D. Pa. Dec. 16, 2019).  As noted, uncertainties as to the current state of controlling law are resolved in favor of the plaintiff when evaluating fraudulent joinder. *Roskamp Inst., Inc.*, No. 14-3641, 2015 U.S. Dist. LEXIS 144083 at *6 (E.D. Pa. Oct. 22, 2015) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992)).  Therefore, the Court finds that there exists a more than merely theoretical possibility that a state court would permit a plaintiff to challenge a claims adjuster's handling of an insurance claim under the UTPCPL.

In addition, the cases that Defendants rely on are distinguishable from the instant case in material ways and are not binding on this Court. Many of the cases Defendants cite to arise at later points in the litigation timeline, requiring more stringent standards of review. (ECF No. 11-1 at 6-9.) *See, e.g.*, *Wenk*, 228 A.3d 540 (Pa. Super. Ct. 2020) (on appeal from trial); *Deal v. Nationwide Prop. & Cas. Ins. Co.*, No. 22-cv-01269, 2022 U.S. Dist. LEXIS 197203 (W.D. Pa. Oct. 31, 2022) (applying motion to dismiss standard); *Cooper v. Liberty Mut. Gen. Ins. Co.*, 2022 WL 1121040 (E.D. Pa. Apr. 14, 2022) (applying motion to dismiss standard). Further, Defendants did not point to a single case in which a court has addressed the viability of a claim against a claims adjuster who intentionally interfered with a policyholder's settlement negotiations in a lawsuit with a third party, by calling and allegedly inappropriately disclosing information to opposing counsel, prior to investigating, let alone issuing a decision on, the UIM claim. Rather, Defendants rely on cases in which Plaintiffs are either unsatisfied with the manner in which an insurer investigated a claim or are unsatisfied with the amount of money paid out for the claim, which both differ significantly from facts alleged in Mr. Winner's complaint. (*See* ECF No. 11-1 at 11); *see, e.g.*, *Wenk*, 228 A.3d 540; *Wedemeyer v. U.S. Life Ins. Co.*, 2007 WL 710290 (E.D. Pa. Mar. 6, 2007) (claim arising from denial of disability insurance claim); *Gibson v. Progressive Specialty Ins. Co.*, 2015 WL

2337294 (E.D. Pa. May 13, 2015) (claim arising from use of biased peer review organization in investigation of insurance claim). Additionally, Mr. Winner's UIM claim was never investigated or processed by Defendants. As such, it appears this case presents unique factual circumstances that have not been presented in another case. The Court is certain that a case with similar factual circumstances would have otherwise been cited by one or both parties.

Defendants argue in the alternative that, because no contractual relationship exists between Mr. Winner and Defendants Burke and Heaflein, no colorable claim exists under the UTPCPL. (ECF No. 11-1 at 6-12.) The Court does not find Defendants' argument compelling. The only binding law Defendants cite to in support of their argument, *Katz v. Aetna Cas. & Sur. Co*., is inapposite here as it prohibits a plaintiff from suing a defendant's insurance company, not the plaintiff's own insurance company, under the UTPCPL. (ECF No 11-1 at 10 (citing *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).) Unlike in *Katz*, where the plaintiffs attempted to sue an insurance company with which they did not hold an insurance policy, Mr. Winner is suing his own insurance company and its employees. *Katz* does not address the applicability of the UTPCPL to insurance adjusters employed by one's own insurance company. Defendants cite no other Pennsylvania law addressing directly whether an insurance adjuster can be held liable under the UTPCPL. "Given the mandate that we resolve 'any uncertainties as to the current state of controlling substantive law in favor of the plaintiff,' we find that Plaintiff's UTPCPL claim is not 'wholly insubstantial and frivolous.'" *Horne*, No. 15-1029, 2015 U.S. Dist. LEXIS 53824, at *5 (E.D. Pa. Apr. 24, 2015).

At this early stage, Mr. Winner retains the opportunity to prove his allegations, particularly where case law is silent as to the unique facts of this case. "To delve further into this issue [at the fraudulent-joinder stage] would require an assessment of the merits of [Mr. Winner's]

Case 2:23-cv-01273-KBH   Document 18   Filed 11/30/23   Page 10 of 10

claim." *See Grossi v. Traveler's Ins. Co.*, No. 9-1427, 2010 U.S. Dist. LEXIS 9929 at *5 (E.D. Pa. Feb. 5, 2010) (citations omitted); *see also Kennedy*, 2015 U.S. Dist. LEXIS 88327 at *2 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32-33 (3d Cir. 1985)) ("'To inquire' beyond the issue of whether claims are colorable 'into the legal merits would be inappropriate in this preliminary jurisdictional determination.'"). Indeed, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111.  The Complaint presents allegations against Defendants Burke and Haeflein for interfering with Plaintiff's settlement with a third party. Those facts are sufficient to survive the low threshold for fraudulent joinder.  Accordingly, the Court finds that Defendants Burke and Haeflein are appropriate parties for a claim under the UTPCPL, and therefore joinder was not fraudulent. It follows that this Court lacks federal diversity jurisdiction because Ms. Burke, Mr. Haeflein, and Mr. Winner are all citizens of Pennsylvania. This case must therefore be remanded to state court.

## V.    CONCLUSION

For the foregoing reasons, Mr. Winner's Motion to Remand is granted. The case is remanded to state court. Defendants' Motions to Dismiss are Denied as Moot. An appropriate Order follows.

**BY THE COURT:**

/s/ Hon. Kelley B. Hodge

**HODGE, KELLEY B., J.**
